IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-20018-JWL |
| AHMAD AUSTIN, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

On February 2, 2009, Ahmad Austin pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and to manufacture, distribute, and possess more than fifty grams of cocaine base ("crack") (docs. 200, 201). In the plea agreement, Mr. Austin waived "any right to challenge a sentence or otherwise attempt to modify or change his sentence . . . [including] a motion brought under Title 18, U.S.C. § 3582(c)(2)" (doc. 201, at 8-9).

The United States Probation Office prepared a presentence report (PSR), explaining that Mr. Austin participated in a drug trafficking conspiracy between May and July of 2005, during which the conspiracy was responsible for distributing at least one kilogram of cocaine base each month. Based on that determination, Mr. Austin was attributed with distribution of more than 1.5 kilograms but less than 4.5 kilograms of cocaine base, the threshold quantities yielding base offense level 36 under the United

States Sentencing Commission, *Guidelines Manual* (2009). The base offense level of 36, along with a 2-level reduction for acceptance of responsibility, yielded a total offense level of 34. With a criminal history category of III, the PSR calculation subjected Mr. Austin to an advisory guideline range of 188- to 235-months imprisonment. He received a sentence of 168 months on May 18, 2009 (doc. 259).

Mr. Austin has now filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 354). For the reasons set forth below, that motion is denied.

**ANALYSIS**

Mr. Austin seeks a reduction in his sentence based on "the newly enacted statute the Fair Sentencing Act 2010" (doc. 357, at 1).[1] The Fair Sentencing Act (FSA) amended various United States Code provisions with respect to crack cocaine violations, raising the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 "crack-to-powder" ratio. The FSA directed the Sentencing Commission to amend the Sentencing Guidelines to conform with the new law within 90 days of the FSA's enactment. In response, the Sentencing Commission issued amended Guidelines based on the FSA's new mandatory minimum sentences. These amended Guidelines became retroactively effective on November 1, 2011. Mr. Austin, however, is ineligible for a sentence reduction based on the

---

[1] Mr. Austin's § 3582 motion is identical to that previously filed by his co-defendant Shaune Frazier.

2

amendment.[2] Before addressing the merits of Mr. Austin's eligibility, the court must first resolve a procedural concern.

**1. Waiver**

Mr. Austin signed a plea agreement that included a waiver of his right to seek a sentence reduction under § 3582(c)(2). The government has not raised this waiver as a bar to this court's resolution of his § 3582 motion, however, and the court will not raise the issue sua sponte. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006) ("the waiver is waived when the government utterly neglects to invoke the waiver"); *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (the government should file a motion to enforce plea agreement to enforce a waiver of rights contained in the agreement); *see also United States v. Callirgos-Navetta*, 303 F. App'x 585, 587 n.2 (10th Cir. 2008) (declining to enforce waiver sua sponte).

Therefore, the court may consider Mr. Austin's motion without determining whether it is barred by the post-conviction waiver contained in the plea agreement.

**2. No Change in Applicable Guideline Range**

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

---

[2] Mr. Austin seeks relief pursuant to the FSA, but the FSA was not made retroactive. The defendant's only basis for relief is the retroactive amendment to the Sentencing Guidelines.

3

3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1). Section 1B1.10(a)(2)(B) provides that a reduction is not authorized if the retroactive amendments do not have the effect of lowering the applicable guideline range.

Here, the November 1, 2011 amendment to the sentencing guidelines does not change the applicable guideline range. To clarify, the PSR attributed Mr. Austin with distribution of more than 1.5 kilograms but less than 4.5 kilograms of cocaine base, the threshold quantities yielding base offense level 36 at the time of Mr. Austin's sentencing. The factual portion of the PSR, however, specified that Mr. Austin participated in a drug trafficking conspiracy between May and July of 2005, during which the conspiracy was responsible for distributing at least one kilogram of cocaine base each month. Mr. Austin did not object to the PSR. As such, he is accountable for three kilograms of cocaine base, and meets the threshold quantity for base offense level 36 under the amended guidelines. *See* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2011).

Thus, Mr. Austin's applicable guideline range is unchanged, and he is ineligible for § 3582 relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's

Motion for Retroactive Application of Sentencing Guidelines (doc. 354) is denied.

**IT IS SO ORDERED** this 9th day of March, 2012.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
