# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMAD AUSTIN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 07-20018-JWL<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

On March 9, 2012, the court denied defendant Ahmad Austin's Motion for Retroactive Application of Sentencing Guidelines on the merits (doc.360). For the reasons set forth in that Memorandum and Order, Mr. Austin is ineligible for relief pursuant to 18 U.S.C. § 3582(c)(2). As the facts establish that the defendant is ineligible for relief, the court is without jurisdiction to consider a reduction of sentence under § 3582(c). *United States v. Curtis*, 252 Fed. App'x 886, 887 (10th Cir. 2007) (Where the Amendment did not subsequently lower the defendant's Guideline range, the district court has no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)). As such, the court's prior Order is amended *nunc pro tunc* to dismiss the defendant's Motion for Retroactive Application of Sentencing Guidelines for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Modification of Retroactive Application of Sentencing Guidelines (doc. 354) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED** this 25th day of May, 2012.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge